Good morning. Good morning. May it please the court, Faye Arf on behalf of Mr. Torres. And this case presents a classic case of ineffective assistance of counsel for failing to advise his client, Mr. Torres, of the consequences of what would happen if he went to trial and lost. And I know that the California rules, the sentencing laws are extremely complex, but it's up to counsel to really determine what these laws are. And in this case, trial counsel failed to tell him that he'd be looking at a life sentence if he went to trial and lost. Even if that's true, the magistrate judge found that the district court, the trial judge had told him that he was present when the trial court, and by my count, I think he said four different times that he was looking at a life sentence. Mr. Torres was present. Was this, I just want to be clear, was this? This is in the California proceedings. Yes, but in the California proceedings, it was after the first trial, where the first trial hung, that the trial court said, oh, this is a life case. Right. Well, why would that make a difference? Why would I? Why does that make a difference that it was after the first trial hung? The district judge, the magistrate finds and cites all of the evidence that the trial judge says in Mr. Beyo's presence on four different times, this is a life case, 15 years to life, 15 years to life, so it is 15 years to life plus potentially another 10. But I just want to be clear. Is the court saying that that was before the first trial or? This is, I'm reading for the magistrate's findings. After Petitioner's first trial ended in mistrial, with Petitioner present, the trial judge discussed with counsel sending the case back to its home court for a retrial. Okay. Yes, I know that at that time the court did say this is a life case, but at that time the district attorney also said I have been instructed that not to accept any offers on this case at all. And that's in the transcript. But the point is, the magistrate judge used that fact, the four times that the trial judge said it, to find that the defendant was not credible in his claim that he would have taken the 14-year plea deal had he known that the maximum was life. So it was, it's, that's the point. Except when you actually look at the transcript, the court says 15 years to life, but he's talking to the trial attorney and the defense counsel. He didn't say to the client, do you realize you were, if you lost, you'd be looking at 15 years to life. And besides, it was too late. It was too late. He didn't have a choice at that time. But it doesn't matter that it's too late. It's a credibility finding. It's a credibility. It's not whether he got the offer again. It's a question of whether his testimony is credible that he would have taken the 14-year plea deal. And the magistrate judge is making a credibility finding that he sat there and he heard it said four times that it was life. And so now it's not credible for him to come forward and say, oh, if I'd known it was life, I would have taken the 14-year deal. There's just, there's no credibility to the statement. That's what the magistrate judge is saying. Well, we're, we're, we're, our concern is basically that his testimony is unrefuted. That there's no, the prosecution never presented anyone. The district attorney didn't show up. The trial attorney can't remember what was said. And I think just in, in, in terms of. Well, his testimony that, that his attorney didn't advise him, there's nobody else who says, the attorney didn't say, well, yes, I did advise him. You're right. That's true. But there is a, apparently transcripts in which the trial judge said four times, this is a life case, this is 15 years of life, multiple. So we would have to assume that the defendant wasn't paying any attention to what the trial judge was saying and, and didn't know that it was a life case. And then his attorney didn't, didn't, didn't tell him. So assuming, assuming that, that Mr., Mr. Torres did know it was a life case after trial number one, assuming he knew that. Okay. He found out it was 15 to life after, after trial one. The problem is that the district attorney was under instructions not to offer any more plea deals. So it wouldn't have mattered. Let's say he could have said then, oh, boy, this is a life case and I would have taken the 14 years. You might be here on a very, very different case. The problem, as Judge Smith points out, is that the, is that he said that he was surprised at the second trial when he got 15 years to life because he didn't know that he would, he would get a life sentence. Well. And yet, and yet he had been told four times by the trial judge at the first trial. So he couldn't have been surprised at the second trial. That's the credibility finding by the, by the magistrate. Yes, except that, that he, he wasn't really talking to the, to Mr., Mr. Torres, the, the trial judge. But he's present in the courtroom with his attorney when the trial judge says this. Yes, but, but it's, it's our position that, I mean, okay. So what, what could he do? There was really nothing he could do at that point. Well, that may be true. But the one thing he can do is tell the, is tell the magistrate the truth. He can say, I didn't know, my, my attorney never told me. I heard the trial judge say that. But at that point, it was too late. I've now, I've now lost my right to get the, the plea. This is a very different case if that comes out. He doesn't. He tells the magistrate that he was surprised at the second trial. And the magistrate says, you couldn't have been surprised. You heard it from the trial judge in your first trial four times. Well, I, I think that a lot of times defendants are surprised when they get a certain sentence. He said it's 15 to life. I don't think that it was clearly made that, that the trial judge told him, look, if Mr., if Mr. Torres loses this case, he is looking at an indeterminate term of 15 years to life. He will go to prison for 15 years to life. So even though he was present in the, in the room, number one, he had an attorney that told him he was only going to get 30 years. So even though there could have been a life case and he was going to get 15 years, his, his own attorney said, look, you're only going to get 30 years. So don't we also have to, we have to take this in the larger context, don't we? And that is not just these, these four statements by the trial judge, but also what the magistrate judge found was an incredible statement that, that had he known, if I understand this correctly, had he known he was going to be deported, he would have taken the, the 14 year deal. Is that what he was saying? Do I have that right? I think there was, I'm not sure that deportation was really an issue in this case because he would have been deported. Normally when you take a plea or you're advised that any plea you take is going to lead to deportation, if you're not a citizen here. Well, but it's a question of credibility. Again, the magistrate judge found that, that that was another factor that undermined his his, his credibility as well as it contradicted his own statement that he went to trial because he wanted to fight the charges. So, so what we're really dealing with is all of these, these different facts, which undermine his credibility. And the magistrate judge makes a determination that this statement just isn't credible because of all this other stuff. Okay. If I would like to save some time for rebuttal, but I did want to respond just very quickly that it, we don't believe it matters. I mean, what matters is why he didn't take the 14 years and what his attorney told him, even though, even assuming he lied, he said, okay, I'm surprised and I didn't know. But the key is if trial counsel would have properly advised him at the time of the, before the first trial, then he would have taken the 14 years. And only later did he find out about a life case. And that's clear on the record, just taking his testimony aside it's we don't see it as a question of credibility. We see it as trial court trial counsel's failure to advise him of the consequences of his plea and to adequately advise him. That's the way we see it. So he can come in later at any time and say, oh yeah, I didn't know. I didn't know. But the point is it was up to trial counsel. And I think it's important from now on when there is a plea like this to make a clear record, make it incumbent upon trial counsel and the court to say, okay, this is your offer. This is what will happen if you lose. And we didn't really see that at this point. So if the court has no further questions, I'd like to reserve the time. Thank you, Ms. Arfa. Thank you. Good morning,  David Medeo for, for, I'm sorry. Excuse me. David, David Medeo for responded happily. May it please the court. Petitioner has, petitioner has failed to show any prejudice resulting from his counsel's alleged misadvice during the plea, during the plea negotiation. Excuse me. As this court has noted, the district court conducted an evidentiary hearing. And after, after conducting that evidentiary hearing, the court found the petitioner's statements in support of his claim had no credibility. That, that, that determination by district court should be, should be reviewed for, is reviewed for clear error. And the record shows that there's no clear error in this case. This court should not discard the district court's determination in that regard. First, the district court evaluated petitioner's testimony at the evidentiary hearing and found that it conflicts with his, with his written statement. A petitioner claimed that he would have taken the deal had he known he was facing life sentence. But yet at the evidentiary hearing, he then said that he simply would have, he simply went to trial simply because he wanted to fight it. It's a different reason than what he gave earlier in his statement. Second, as this court also. At what point did he say that he was, that he would, that he wanted to fight it? The evidentiary hearing. Okay. For the, for the, for the magistrate judge. And secondly, as this court brought up earlier, he claimed he, claimed he didn't know he was facing a life sentence at the time, at any time during his trial. But yet the record clearly shows that he was advised, that the court did discuss the life sentence at least four times in his presence. It was clearly there at court when the, when the court and counsel discussed that life sentence. Do we know who else was in court? Do we know physically where Torres was, was located when the, when the trial judge had this conversation? Because the trial judge didn't address Torres. He was addressing, he was addressing counsel. And do, do we know whether Torres was occupied with somebody else? Was the court officer moving him around or talking to him or? Well, the court's not clear exactly where he was in the courtroom. At the defense table talking with counsel, we can, we can, we can presume. Because he was, this was in the middle of proceedings. I think, I believe they were actually scheduling the next trial. This was in between, after the first trial was hung, and he went to the second trial. So they were trying to, they were discussing when the next proceeding would be. If it had been, if it had been a sidebar conversation with the, with counsel, would that have been, would that have been noted in the record? I believe it would have, yes. And it was not noted in this record. So it, the record showed there was no sidebar. It was actually an open court. All counsel was present. Petitioner was present. And the court had the, had the discussion with, with counsel. And this, this essentially goes to, as Your Honor noted, that it goes to the credibility petitioner's statements originally, from the beginning. It doesn't really matter when, when he believed he was subject to a left sentence, other than the fact that he said originally that he didn't know. But yet, clearly the record shows that he was informed. So if he's not credible on this point, then we can say that he's not credible on any other point. Can I ask you a question about this, this claim about if he had known that there was deportation or subject to, I'm still a little confused about this. If he had known that there was deportation, he would have been more inclined to take the 14-year deal. I think that's what the claim is. When his counsel testified at the evidentiary hearing, were there any questions to counsel about, about that issue? I know that the defendant said, well, had I known this I would have, I would have taken the 14-year deal. But was counsel asked anything about whether there was any discussion about that? Counsel wasn't present at the hearing. His counsel didn't show up. Counsel didn't show up at the evidentiary hearing? The only evidence petitioner presented at the evidentiary hearing was his own testimony, which was in conflict with some of the statements in the record. I thought there was something in the record that counsel, maybe I misunderstood this, didn't recall. There was a declaration provided to the state court. It was a declaration? State habeas. Okay. But he didn't show up to the evidentiary hearing. We're not, we're not clear as to whether petitioner actually called him or he didn't show up. But petitioner wasn't able to bring any other evidence at the evidentiary hearing, except his own testimony. And the district court was able to evaluate that testimony, compare that to what he said in the written statement,  were discrepancies. And of course the court found that petitioner has no credibility as to those statements. So therefore, he has no credible evidence whatsoever. And it's claimless. Counsel indicated during the argument, her argument that at the time that he was in court after the first trial, that the government was not authorized. And the fact that there was a life sentence was mentioned by the judge. Counsel indicated at that time the government was not, had been ordered not to give any more, make any more plea offers. What does the record suggest as to, as to his ability to negotiate a new plea after the first trial? I think that's correct. The district attorney here was instructed not to give petitioner any more, any more deal. Which one is? I don't think it's record. I don't believe it's relevant in this case. Because the only relevance of that, of that statement at that time was that he, was that he claimed that he didn't know that he was subject to a life sentence. But yet clearly the record shows that he was, he was in the room and so he was informed of the life sentence. It was a credibility determination. It doesn't really matter as to whether that came after his original. No, I understand. It has some bearing on his, may have some bearing on his credibility. If he could have, if he could have said, oh, let's, we'll negotiate a new offer, it's okay. And there's no dispute as to, as to whether he was given an offer right before his second trial. I believe he wasn't. The record shows he wasn't given an offer. He was given an offer earlier, before the first trial. And that offer was 14 years. We're not, we're not disputing that at all. So, simply put, petitioner claimed that the prospect of a 30-year sentence did not dissuade him from going to trial, but yet the prospect of a sentence of 20 years to life simply is incredible based on the record. And if, and as the district court found, his testimony is not credible. And if that testimony is not credible, that's the only evidence petitioner has. It is his burden to prove this claim. And if his only evidence is not credible evidence, his claim must fail. Did he testify both as to the fact that he wanted to fight it after the, fight the charge before the first trial and that he, if he had known that he was facing a life sentence, that he would have taken the plea offer? I believe he only testified that he wanted to fight it at the evidentiary hearing. Right. He didn't, he didn't say exactly when he, when he was just asked why he wanted to go to trial and he said, because I want to fight it. He didn't say. I'm just trying to understand whether his, his evidence at the evidentiary hearing was contradictory in that he testified both that he would have taken the plea, but also that he wanted to fight the charge. He did say both of those statements. Yes. But he, I mean, he didn't, he didn't say I would have, he didn't say I wanted to go to trial because I don't want to take my chance on a 30 year term. Okay. That, that would have been more, more in support of what, what he's claiming here. He never said that. He simply says, I went, I wanted to go to trial because I wanted to fight it. Okay. And unless the court has any other questions, I will submit. I don't think so. Thank you, counsel. Thank you, Your Honor. Mr. Arfan, I think we have some time reserved. Thank you. Yes, there are two, two things that I wanted to point out in the magistrate's recommendations. Number one, the magistrate found he did not remember the trial judge telling him earlier on March 8th that he would be facing a life term. The trial court never told him. There was a discussion between a trial counsel and the prosecutor and the court as to what was going to happen next. So the trial court never said, look, you know, you're going to get life. But in any, it wouldn't matter anyway because it was already too late because the deal had been closed and it was gone. So the fact that after the fact, he said, well, I was surprised. He probably was because his trial attorney told him he was going to get 30 years. And, in fact, in the report and recommendation on page 27, there's no dispute that he was offered a 14-year plea agreement, and his attorney told him he would get 30 years if he failed, and failed to tell him he was facing a possible life sentence. So we see that as the issue, that trial counsel failed in his obligation. And most defendants would take a fixed term versus an indeterminate life term. You tell them, you know, you're going to go to jail for the rest of your life if you don't take this 14 years. That has a lot more of an impact than 30 years. And so that's really where our focus is. And in terms of credibility, the Court did not tell him that he would be facing a life term. And even if it did, it wouldn't really matter anyway because it was too late. So unless the Court has any further questions. Thank you very much. Thank you. Again, we thank counsel for the argument. The next case on the calendar is United States v. Hernandez.
judges: Schroeder, Bybee, Smith